1  DAN MARMALEFSKY (CA SBN 95477)
   dmarmalefsky@mofo.com
2  SAMANTHA P. GOODMAN (CA SBN 197921)
   SGoodman@mofo.com
3  MORRISON & FOERSTER LLP
   555 West Fifth St., Suite 3500
4  Los Angeles, California  90013-1024
   Telephone: 213.892.5200
5  Facsimile: 213.892.5454

6  Attorneys for Defendant
   CELLCO PARTNERSHIP dba VERIZON
7  WIRELESS

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| ANGELA GASPAR and DARRIN WILLARD, on behalf of Themselves and all others similarly situated, | Case No. CV10-02139-DSF(SSx) |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON COMMUNICATIONS, INC., VODAPHONE GROUP PLC and DOES 1-100, | |
| Defendants. | Date:   July 12, 2010<br>Time:  1:30 p.m.<br>Judge: Hon. Dale S. Fischer<br>Courtroom:  Roybal 840 |

22       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

23  HEREIN:

24       PLEASE TAKE NOTICE that on July 12, 2010 at 1:30 p.m., or as soon

25  thereafter as the matter may be heard, in the courtroom of the Honorable Dale S.

26  Fischer, United States District Judge, Central District of California, located at 255

27  East Temple Street, Los Angeles, California 90012, Defendant Cellco Partnership

28  dba Verizon Wireless ("Verizon Wireless") will move, and hereby does move for

1   an order compelling Plaintiffs Angela Gaspar and Darrin Willard to arbitrate their

2   claims in this case pursuant to their customer agreements with Verizon Wireless, or

3   in the alternative, to stay this action until the United States Supreme Court issues an

4   opinion in *Concepcion v. AT&T Mobility LLC*, *cert. granted*, __ S. Ct. __, No. 09-

5   893, 2010 WL 303962 (U.S. May 24, 2010).

6        This Motion is based on this Notice of Motion and Motion, Defendant's

7   supporting Memorandum of Points and Authorities, the Declaration of Ana Diaz

8   and exhibits thereto, and the court records and files in this Action.[1]

9        This motion is made following a conference of counsel pursuant to Local

10  Rule 7-3 which took place on May 25, 2010.

11

12  Dated:     June 4, 2010          DAN MARMALEFSKY
                                     SAMANTHA P. GOODMAN
13                                   MORRISON & FOERSTER LLP

14

15                                   By: /s/ Dan Marmalefsky
16                                        Dan Marmalefsky

17                                   Attorneys for Defendant
                                     CELLCO PARTNERSHIP dba
18                                   VERIZON WIRELESS

19

20

21

22

23

24       [1] In an abundance of caution, Verizon Wireless is filing concurrently
    herewith a Motion to Dismiss Plaintiffs' Complaint.  Verizon Wireless contends
25  that this Motion to Compel Arbitration and to Stay Proceedings should be
    considered and ruled upon by the Court first and that the Motion to Dismiss should
26  only be considered by the Court in the event this motion is denied.  Verizon
    Wireless' precautionary filing of the Motion to Dismiss should not be construed as
27  a waiver of its right to compel arbitration.

28

1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................1

II.     BACKGROUND ..................................................................................2

III.    LEGAL ARGUMENT...........................................................................4

      A.      Plaintiffs' Claims Fall Within The Scope Of The Parties'
           Arbitration Agreements........................................................................4

      B.      This Court Is Bound By The Ninth Circuit's
           Determination That Class Action Waivers In Consumer
           Contracts Of Adhesion Are Unconscionable Under
           California Law .......................................................................................5

      C.      The United States Supreme Court Recently Granted A
           Petition For Certiorari To Determine Whether The FAA
           Preempts The Application Of California's Law Of
           Unconscionability To Invalidate Class-Wide Waivers In
           Arbitration Agreements........................................................................6

      D.      The Court Should Stay This Action Pending The United
           States Supreme Court's Decision In Concepcion ...................................8

IV.     CONCLUSION....................................................................................10

1

## TABLE OF AUTHORITIES

2

3 **CASES**                                                                                              **PAGE**

4

5 *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,*
      207 F.3d 1126 (9th Cir. 2000) ...........................................................................4

6 *CMAX, Inc. v. Hall,*
7      300 F.2d 265 (9th Cir. 1962) ...........................................................................9

8 *Concepcion v. AT&T Mobility LLC,*
      Case No. 06 cv 675 DMS (NLS), *cert. granted*, S.Ct., 2010 WL
9      303962 (U.S. May 24, 2010) ........................................................................ passim

10 *Davison v. Hart Broadway, LLC,*
      No. CIV S-07-1894 LKK/CMK, 2009 WL 1813979 (E.D. Cal. June
11     23, 2009) ............................................................................................................ 10

12 *Dean Witter Reynolds, Inc. v. Byrd,*
      470 U.S. 213 (1985) ...........................................................................................4

13 *Discover Bank v. Super. Ct. of Los Angeles,*
14     36 Cal. 4th 148 (2005) ..................................................................................... 5, 6

15 *Doctor's Assocs., Inc. v. Casarotto,*
      517 U.S. 681 (1996) ...........................................................................................8

16 *Landis v. N. Am. Co.,*
17     299 U.S. 248 (1936) ...........................................................................................9

18 *Laster v. AT&T Mobility LLC,*
      584 F.3d 849 (9th Cir. 2009) ...........................................................................1

19 *Minor v. Fedex,*
20     No. C09-1376 THE, 2009 WL 1955816 (N.D. Cal. July 6, 2009) ................... 10

21 *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
      460 U.S. 1 (1983) ............................................................................................. 4, 5

22 *Nagrampa v. MailCoups, Inc.,*
23     469 F.3d 1257 (9th Cir. 2006) ...........................................................................5

24 *NGV Gaming, Ltd. v. Harrah's Operating Co.,*
      No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) ..................... 10

25 *Ortega v. J.B. Hunt Transp., Inc.,*
26     258 F.R.D. 361 (C.D. Cal. 2009) ..................................................................... 10

27 *Perry v. Thomas,* 482 U.S.
      483 (1987) ...........................................................................................................7

28

*Rohan ex rel. Gates v. Woodford,*
    334 F.3d 803 (9th Cir. 2003) ..................................................................9

*Shroyer v. New Cingular Wireless Servs., Inc.*
    498 F.3d 976 (9th Cir. 2007) .................................................. 1, 5, 6, 7

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
    130 S. Ct. 1758 (2010) ..........................................................................8

*Ting v. A.T.&T.,*
    319 F.3d 1126 (9th Cir. 2003) ...............................................................7


**STATUTES**

9 U.S.C. § 2 .............................................................................. 5, 7, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this Motion, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") seeks to preserve its right to compel Plaintiffs Angela Gaspar and Darrin Willard to arbitrate their individual claims against Verizon Wireless pursuant to the terms of their Customer Agreements, which preclude class-wide arbitration.

Verizon Wireless acknowledges that the Ninth Circuit has found consumer arbitration agreements with class action waivers unconscionable under California law and has held that the Federal Arbitration Act ("FAA") does not preempt the application of California law to revoke such agreements. *Shroyer v. New Cingular Wireless Servs., Inc.* 498 F.3d 976 (9th Cir. 2007); *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009) ("*Concepcion*").[2]  The United States Supreme Court, however, recently granted a petition for certiorari in *Concepcion* to decide whether the FAA preempts the application of California law that denies enforcement of agreements containing waivers of class-wide arbitration.  Accordingly, Verizon Wireless presents its arguments here to preserve them pending the outcome of the Supreme Court's decision in *Concepcion*, which will determine whether federal law preempts application of California law that would otherwise bar enforcement of the parties' arbitration agreements in this case.

Verizon Wireless also seeks an order staying these proceedings until the Supreme Court resolves the *Concepcion* case.  That is the same procedure followed by the court in *Concepcion* itself pending the appeal of its Order denying the motion to compel arbitration to the Ninth Circuit and pending the petition for

---

[2] The *Laster* case was consolidated with *Concepcion v. AT&T Mobility LLC*, Case No. 06 cv 675 DMS (NLS), the case in which the arbitration issue is being litigated.  For the sake of clarity, this brief refers to that case as *Concepcion*, rather than *Laster*.

1    certiorari to the Supreme Court.  Litigating this case while the Supreme Court

2    reviews an issue that could be dispositive of Plaintiffs' right to proceed in this

3    Court would result in a waste of time and resources both for the parties and the

4    Court, and would irreparably harm Verizon Wireless in the event the Supreme

5    Court reverses the Ninth Circuit's position in *Concepcion*.  Plaintiffs will not be

6    prejudiced by the stay because the stay will not impact their ability to litigate or

7    arbitrate their individual claims in due course and obtain any recovery to which

8    they might be entitled.  Nor will Plaintiffs suffer any financial hardship in waiting

9    for the Supreme Court's decision in *Concepcion* since the amount of their

10   individual claims for restitution or damages are minimal.

11   **II.    BACKGROUND**

12   Plaintiffs entered into contracts with Verizon Wireless for wireless voice and

13   data communications services.  (Complaint ("Compl.") ¶¶ 9, 22, 23.)  Those

14   contracts provided that customers will be billed for service in monthly increments.

15   (Declaration of Ana Diaz ("Diaz Decl."), Exs. B at p. 2; D at p. 8; F at p. 2.)  Those

16   contracts further provided that any termination of service during a monthly billing

17   cycle becomes effective on the last day of that billing cycle and that no partial-

18   month credits or refunds will be provided.  (*Id.*)  Plaintiffs contend this "non-

19   proration" policy violates the California Consumer Legal Remedies Act and

20   California Business & Professions Code section 17200.  (Compl.)

21   The Agreements that Plaintiffs signed in connection with their purchases of

22   wireless service from Verizon Wireless provide, in pertinent part, as follows:

23

24

25

26

27

28

1           I AGREE TO THE CURRENT VERIZON WIRELESS
      CUSTOMER AGREEMENT (CA), INCLUDING THE

2       CALLING PLAN . . . AND OTHER TERMS AND
      CONDITIONS FOR SERVICES AND SELECTED

3       FEATURES I HAVE AGREED TO PURCHASE AS
      REFLECTED ON THE RECEIPT AND WHICH HAVE

4       BEEN PRESENTED TO ME BY THE SALES REP. AND
      WHICH I HAD THE OPPORTUNITY TO REVIEW.  I

5       UNDERSTAND THAT I AM AGREEING TO. . .
      SETTLEMENT OF DISPUTES BY ARBITRATION AND

6       OTHER MEANS INSTEAD OF JURY TRIALS AND OTHER
      IMPORTANT TERMS IN THE CA.

7

8 (Diaz Decl., ¶¶ 4-6, Exs. A at pp. 2-3; C at p. 2; E at pp. 2-3.)

9       The Customer Agreement Terms & Conditions that Plaintiffs accepted when

10 they signed the Agreements provide for arbitration as follows:

11           **Dispute Resolution and Mandatory Arbitration**

12       **WE EACH AGREE TO SETTLE DISPUTES . . . ONLY**
      **BY ARBITRATION.  THERE'S NO JUDGE OR JURY IN**

13       **ARBITRATION, AND REVIEW IS LIMITED, BUT AN**
      **ARBITRATOR CAN AWARD THE SAME DAMAGES**

14       **AND RELIEF, AND MUST HONOR THE SAME**
      **LIMITATIONS IN THIS AGREEMENT, AS A COURT**

15       **WOULD.  IF AN APPLICABLE STATUTE PROVIDES**
      **FOR AN AWARD OF ATTORNEY'S FEES, AN**

16       **ARBITRATOR CAN AWARD THEM TOO.  WE ALSO**
      **EACH AGREE, TO THE FULLEST EXTENT**

17       **PERMITTED BY LAW, THAT:**

18       (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS
      AGREEMENT.  EXCEPT FOR QUALIFYING SMALL

19       CLAIMS COURT CASES, ANY CONTROVERSY OR
      CLAIM ARISING OUT OF OR RELATED TO THIS

20       AGREEMENT. . .OR ANY PRODUCT OR SERVICE
      PROVIDED UNDER OR IN CONNECTION WITH THIS

21       AGREEMENT. . . OR ANY ADVERTISING FOR SUCH
      PRODUCTS OR SERVICES WILL BE SETTLED BY ONE

22       OR MORE NEUTRAL ARBITRATORS BEFORE THE
      AMERICAN ARBITRATION ASSOCIATION ("AAA") OR

23       BETTER BUSINESS BUREAU ("BBB"). . . . .

24                   * * *

25       (3) YOU CAN OBTAIN PROCEDURES, RULES AND FEE
      INFORMATION FROM THE AAA (WWW.ADR.ORG), THE

26       BBB (WWW.BBB.ORG), OR FROM US.  **THIS**
      **AGREEMENT DOESN'T PERMIT CLASS**

27       **ARBITRATIONS EVEN IF THOSE PROCEDURES OR**
      **RULES WOULD.**

28

* * *

**(6) IF FOR SOME REASON, THE PROHIBITION ON CLASS ARBITRATIONS SET FORTH IN SUBSECTION (3) ABOVE IS DEEMED UNENFORCEABLE, THEN THE AGREEMENT TO ARBITRATE WILL NOT APPLY.  FURTHER, IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, WE EACH WAIVE ANY TRIAL BY JURY.**

(Diaz Decl., ¶¶ 4-6, Exs. B at pp. 7-9; D at p. 12; F at pp 8-10 (bold font in originals).)

## III.   LEGAL ARGUMENT

### A.   Plaintiffs' Claims Fall Within The Scope Of The Parties' Arbitration Agreements

A motion to compel arbitration requires this Court to determine (1) whether there is a valid agreement to arbitrate and (2) if the dispute falls within the scope of the arbitration agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).  Under federal law, courts are required to "rigorously enforce agreements to arbitrate," *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

In this case, the dispute falls within the scope of the parties' broad arbitration agreements, which encompass "any controversy or claim arising out of or related to this agreement . . . or any product or service provided under or in connection with this agreement. . . ." (Diaz Decl., ¶¶ 4-6, Exs. B at p. 8; D at p. 12; F at p. 8.)  This is a dispute about the enforceability of the non-proration provision contained in the Customer Agreements that Plaintiffs each entered into with Verizon Wireless.  Plaintiffs contend that the non-proration provision is unenforceable, unconscionable and prohibited by California law.  They seek restitution for a portion of the amounts they paid or may later be contractually obligated to pay to Verizon Wireless as well as an injunction prohibiting Verizon

1    Wireless from enforcing the non-proration policy against them in the future.   As

2    this dispute relates directly to the terms of the Customer Agreement, it falls

3    squarely within the scope of the parties' agreements to arbitrate.

**B.   This Court Is Bound By The Ninth Circuit's Determination That Class Action Waivers In Consumer Contracts Of Adhesion Are Unconscionable Under California Law**

6    The FAA creates "a body of federal substantive law of arbitrability,

7    applicable to any arbitration agreement within the coverage of the Act." *Moses H.*

8    *Cone Mem'l Hosp.,* 460 U.S. at 24.   Whether or not there is a valid arbitration

9    agreement is determined by reference to Section 2 of the FAA, which provides that

10   an arbitration agreement in "a contract evidencing a transaction involving

11   commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds

12   as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2.

13   "[G]enerally applicable contract defenses," such as unconscionability, "may render

14   an arbitration provision unenforceable." *Nagrampa v. MailCoups, Inc.,* 469 F.3d

15   1257, 1267-68 (9th Cir. 2006).

16   Verizon Wireless contends that its arbitration agreements with Plaintiffs are

17   valid and enforceable, and that they are not unconscionable, notwithstanding the

18   waiver of class-wide arbitration.   The agreements provide, *inter alia*, that Verizon

19   Wireless agrees to pay the filing, administrative and arbitrator fees if mediation is

20   unsuccessful.   Thus, there is no "oppression or surprise due to unequal bargaining

21   power" or an "overly harsh or one-sided result." *Discover Bank v. Super. Ct. of*

22   *Los Angeles,* 36 Cal. 4th 148, 160 (2005).

23   Verizon Wireless acknowledges that its arguments have been rejected by the

24   Ninth Circuit, which has held that other, similar wireless service agreements are

25   unconscionable under California law. *Shroyer,* 498 F.3d at 976; *Concepcion,* 584

26   F.3d at 849.   In *Shroyer,* the Ninth Circuit recognized that under California law "a

27   contract provision is unenforceable due to unconscionability only if it is both

28   procedurally and substantively unconscionable." 498 F.3d at 981.   An arbitration

MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS                        5
la-1077459

1    agreement is unconscionable under California law "when the [class action] waiver

2    is [(i)] found in a consumer contract of adhesion [(ii)] in a setting in which disputes

3    between the contracting parties predictably involve small amounts of damages, and

4    [(iii)] when it is alleged that the party with superior bargaining power has carried

5    out a scheme to deliberately cheat large numbers of consumers out of individually

6    small sums of money." *Id.* at 983, quoting *Discover Bank*, 36 Cal. 4th at 162.  The

7    Ninth Circuit adopted that test set forth by the California Supreme Court in

8    *Discover Bank* to determine that a class action waiver in the parties' arbitration

9    agreement in a contract for cellular services was "both procedurally and

10   substantively unconscionable and, therefore, unenforceable." 498 F.3d at 981.

11       More recently, in *Concepcion*, the Ninth Circuit followed *Shroyer* to find an

12   arbitration provision that contained a class action waiver unconscionable and

13   unenforceable under California law.  The contract at issue in *Concepcion* was for

14   the purchase of a bundled cell phone from Cingular Wireless (now known as

15   AT&T Mobility), and the plaintiff claimed that AT&T's practice of charging sales

16   tax on cell phones advertised as "free" was fraudulent. *Id.* at 853.  The Ninth

17   Circuit, relying on *Shroyer* and the California Supreme Court's decision in

18   *Discover Bank*, affirmed the district court's denial of AT&T's motion to compel

19   arbitration. *Id.* at 853-55.

20       Based upon existing Ninth Circuit precedent, Verizon Wireless agrees that

21   the parties' arbitration agreement in this case likely would be deemed

22   unconscionable under California law.  The United States Supreme Court is,

23   however, currently reviewing whether the FAA preempts state law on this issue.

24   **C.   The United States Supreme Court Recently Granted A
             Petition For Certiorari To Determine Whether The FAA
25           Preempts The Application Of California's Law Of
             Unconscionability To Invalidate Class-Wide Waivers In
26           Arbitration Agreements**

27       Section 2 of the FAA provides that an arbitration agreement "shall be valid,

28   irrevocable, and enforceable, save upon such grounds as exist at law or in equity

1   for the *revocation* of any contract." 9 U.S.C. § 2 (emphasis added).  In *Perry v.*

2   *Thomas*, 482 U.S. 483, 492 n.9 (1987), the Supreme Court held that a "state-law

3   principle that takes its meaning precisely from the fact that a contract to arbitrate is

4   at issue does not comport with this requirement of § 2" and therefore a court

5   cannot "rely on the uniqueness of an [arbitration] agreement as a basis for a state-

6   law holding that enforcement would be unconscionable . . . ."  Verizon Wireless

7   contends that application of California's unconscionability law to invalidate the

8   parties' arbitration agreement because it contains a waiver of class-wide arbitration

9   would run afoul of these principles.  The Ninth Circuit, however, disagreed in

10  *Shroyer* and *Concepcion*.

11          In *Shroyer,* the Ninth Circuit held that the FAA "does not bar federal or state

12  courts from applying generally applicable state contract law principles and refusing

13  to enforce an unconscionable class action waiver in an arbitration clause."  498

14  F.3d at 987.  The court rejected defendant's "express preemption argument" and

15  re-affirmed its prior decisions that unconscionability was a "generally applicable

16  contract defense [that] may be applied to invalidate an arbitration agreement

17  without contravening § 2 of the FAA."  *Id.* at 988 (quoting *Ting v. A.T.&T.*, 319

18  F.3d 1126, 1150 n.15 (9th Cir. 2003)).  Accordingly, the Court held that California

19  law is "not impliedly preempted" by the FAA.  498 F.3d at 993.

20          The Ninth Circuit followed *Shroyer's* preemption holding in *Concepcion*.

21  *Concepcion*, 584 F.3d at 857 ("*Shroyer* controls this case because [AT&T] makes

22  the same [preemption] arguments we rejected there.").  On May 24, 2010,

23  however, the United States Supreme Court granted a petition for certiorari in the

24  *Concepcion* case.  *See* _ S.Ct. _, 2010 WL 303962 (U.S. May 24, 2010).  The issue

25  presented to the Court was whether:

26                  the FAA preempts States from conditioning the

27                  enforcement of an arbitration agreement on the

28                  availability of particular procedures —here, class-wide

1    arbitration — when those procedures are not necessary to

2    ensure that the parties to the arbitration agreement are

3    able to vindicate their claims.

4    2010 WL 304265 (Petition for a Writ of Certiorari, filed Jan. 25, 2010.)

5    If the Supreme Court reverses the Ninth Circuit's ruling in *Concepcion* and

6    holds that the FAA preempts the application of California law to bar enforcement of

7    arbitration agreements with class action waivers, the arbitration provisions entered

8    into by Plaintiffs and Verizon Wireless in this case would be enforceable under the

9    FAA. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 688 (1996) ("[T]he

10   very purpose of the Act was to 'ensur[e] that private agreements to arbitrate are

11   enforced according to their terms'") (internal citation omitted); *see also Stolt-*

12   *Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1774-76 (2010) (noting

13   that "parties are generally free to structure their arbitration agreements as they see

14   fit" and that the "changes brought about by the shift from bilateral arbitration to

15   class-action arbitration", such as a loss of cost savings, are "fundamental") (internal

16   quotation marks omitted.)  In particular, because Plaintiffs' arbitration agreements

17   are "written" and in contracts "evidencing a transaction involving commerce," they

18   are enforceable absent "such grounds as exist at law or in equity for the revocation

19   of any contract." 9 U.S.C. § 2.  No such grounds exist here.

20   We recognize that this Court is bound by current Ninth Circuit precedent

21   holding the application of California's unconscionability defense to invalidate class

22   action arbitration waivers does not violate section 2 of the FAA.  Accordingly,

23   Verizon Wireless's argument is presented for the purposes of preserving it until the

24   Supreme Court resolves this issue in the *Concepcion*.

25   **D.     The Court Should Stay This Action Pending The United**
          **States Supreme Court's Decision In *Concepcion***

26

27   This Court should exercise its power to stay this action pending the Supreme

28   Court's decision in *Concepcion*.  The Supreme Court long ago established that "the

1    power to stay proceedings is incidental to the power inherent in every court to
2    control the disposition of the causes on its docket with economy of time and effort
3    for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254
4    (1936); *see also Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir.
5    2003) ("[d]istrict courts have inherent authority to stay proceedings before them").
6    In considering whether to grant a stay, this Court must weigh several interests: (1)
7    the possible damage that may result from the granting of a stay, (2) the hardship or
8    inequity which a party may suffer in being required to go forward, and (3) the
9    orderly course of justice "measured in terms of the simplifying or complicating of
10   issues, proof, and questions of law which could be expected to result from a stay."
11   *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

12              Each of these factors weighs in favor of granting a stay here. *First*, Plaintiffs
13   would not be prejudiced by the stay, because they can continue to pursue their
14   claims either in this Court if the Supreme Court affirms the Ninth Circuit, or in
15   arbitration if *Concepcion* is reversed. Plaintiffs' individual claims are based
16   entirely upon the written terms of the Customer Agreements they entered into, thus
17   there is no chance that delay will result in a loss of evidence. Further, a delay
18   pending the Supreme Court's decision in *Concepcion* will not have any significant
19   impact on Plaintiffs themselves since the amount of their individual claims are each
20   necessarily less than the cost of one month of wireless service fees.

21              *Second*, Verizon Wireless would be irreparably harmed by being required to
22   proceed with litigating in this Court should the Supreme Court reverse the Ninth
23   Circuit in *Concepcion*. Verizon Wireless entered into the arbitration agreements
24   with Plaintiffs in order to avoid the significant expense and burden of litigation, and
25   it will be permanently denied the benefit of its agreements in the event this Court
26   requires the parties to proceed with litigation and the Supreme Court reverses
27   *Concepcion*. Proceeding with litigation would also impose potentially unnecessary
28   burdens on the Court, which would have to rule on Verizon Wireless' motion to

1    dismiss, class certification, discovery, and other motions that would be unnecessary

2    if *Concepcion* is reversed.

3         *Third*, this action may become moot if the Supreme Court reverses the Ninth

4    Circuit in *Concepcion* and Plaintiffs are compelled to arbitrate, rather than litigate,

5    their claims.

6         It is common for district courts to stay proceedings when there is a

7    reasonable possibility that the Supreme Court could eliminate the need for such

8    proceedings by granting review and reversing the order below. *See, e.g., NGV*

9    *Gaming, Ltd. v. Harrah's Operating Co.*, No. 04-3955 SC, 2008 WL 4951587, at

10   *1 (N.D. Cal. Nov. 18, 2008); *Minor v. Fedex*, No. C09-1376 THE, 2009 WL

11   1955816 (N.D. Cal. July 6, 2009) (granting stay of proceedings in light of

12   California Supreme Court's grant of review of another case); *Ortega v. J.B. Hunt*

13   *Transp., Inc.*, 258 F.R.D. 361, 371 (C.D. Cal. 2009) (finding stay appropriate in

14   light of cases pending before the California Supreme Court that could "have a

15   significant impact on the course of this litigation"); *Davison v. Hart Broadway,*

16   *LLC*, No. CIV S-07-1894 LKK/CMK, 2009 WL 1813979 (E.D. Cal. June 23,

17   2009). The same reasoning that justifies those stays also supports an order staying

18   this case pending the resolution of *Concepcion*.

19   **IV.   CONCLUSION**

20        For the reasons stated above, Verizon Wireless brings this motion to preserve

21   its right to compel Plaintiffs to arbitrate their individual claims pending the

22   outcome of the United States Supreme Court decision in *Concepcion*. Until

23   *Concepcion* is decided, this Court should stay these proceedings to avoid the

24

25

26

27

28

1  expenditure of time and resources involved in litigating this case and the irreparable

2  harm that Verizon Wireless would suffer if the Ninth Circuit is reversed by the

3  Supreme Court in that case.

4

5  Dated:    June 4, 2010          DAN MARMALEFSKY

6                                 SAMANTHA P. GOODMAN
                                  MORRISON & FOERSTER LLP

7

8                                 By: /s/  Dan Marmalefsky

9                                     Dan Marmalefsky

10                                    Attorneys for Defendant
                                      CELLCO PARTNERSHIP dba
11                                    VERIZON WIRELESS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28